UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

LOUIS TATE,

Plaintiff,

v.

Commissioner RAMSTED-HVASS,
SUSAN GAERTNER,
HEIDI WESTBY,
GLENN BRUDER and
Warden BERT MOHS,

Defendants.

Civil No. 02-804 (ADM/SRN)

**REPORT AND RECOMMENDATION**

---

Plaintiff, a prisoner at the Minnesota Correctional Facility at Rush City, Minnesota, ("MCF-RC"), has filed a complaint alleging that Defendants violated his federal constitutional rights during the prosecution of his state criminal case. The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b).

---

[1] Plaintiff did not tender the required filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated April 18, 2002, (Docket No. 3), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, (Docket No. 4), and the matter is therefore ripe for initial screening pursuant to § 1915A.

MAY 0 2 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

In 1998, Plaintiff was arrested for selling cocaine. He was later convicted of that offense in the state district court for Ramsey County. See State v. Tate, No. C5-99- 590 (Minn.App. 2000), 2000 WL 108918 (unpublished opinion). Plaintiff was sent to prison as a result of his conviction, and he is presently incarcerated at MCF-RC.

On April 16, 2002, Plaintiff commenced the present action by filing a pleading entitled "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) He is attempting to sue (i) the County Attorney for Ramsey County -- Susan Gaertner, (ii) an assistant Ramsey County Attorney -- Heidi Westby, (iii) the attorney who represented him in his state criminal case -- Glenn Bruder, (iv) the Warden at MCF-RC -- Bert Mohs, and (v) the Minnesota Commissioner of Corrections -- Sheryl Ramstad-Hvass.

Although Plaintiff has not clearly described the facts on which his claims are based, it is clear that he believes each of the named Defendants is somehow responsible for his criminal conviction and his current incarceration. It is also clear that Plaintiff believes each of the named Defendants somehow violated his federal constitutional rights during the course of his state criminal case and subsequent imprisonment.

Plaintiff is seeking compensatory and punitive damages, and a declaratory judgment holding that Defendants violated his rights under the federal Constitution. He is also seeking some unspecified "injunctive relief with respect to the federal and state constitutional violations."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from governmental employees, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. §

1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that a prisoner's pleading fails to state a claim on which relief can be granted, summary dismissal is required. 28 U.S.C. § 1915A(b)(1). For the reasons discussed below, the Court finds that in this case Plaintiff has failed to plead any cause of action on which relief can be granted, and that his action must therefore be dismissed in its entirety.

A. Inadequate Factual Allegations

The most obvious flaw in Plaintiff's complaint is that it does not include sufficient factual allegations to state an actionable civil rights claim. To state a cause of action under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, the complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while the defendant(s) acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Moreover, "[l]iability under section 1983 requires a causal link to, and direct

responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). Thus, in order to state a cognizable § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

In this case, Plaintiff's complaint fails to state an actionable § 1983 claim, because it does not allege sufficient facts describing specific wrongful conduct by the named Defendants. There are not enough factual allegations showing what, specifically, any of the individual Defendants is accused of having done or failed to do that allegedly violated Plaintiff's constitutional rights. In fact, two of the five named Defendants, Ramstad-Hvass and Mohs, are not even mentioned anywhere in the "Statement of Claim" section of Plaintiff's complaint. As to those two Defendants, Plaintiff obviously has not pleaded sufficient factual allegations to state a claim on which relief can be granted.

Although the other three named Defendants, Westby, Bruder and Gaertner, are mentioned in the complaint, the allegations pertaining to them are clearly inadequate. With regard to Defendant Westby, Plaintiff alleges only that she "had knowledge that [the State's] witnesses were prostitutes and liars; that the police errantly freed Stanton Easley (the drug dealer the prostitutes were protecting); that Lawrence did not want to testify and send an innocent Plaintiff to prison." (Complaint, [Docket No. 1], p. 3-C, ¶ (12).) These allegations are too vague and conclusory to support a § 1983 claim. Plaintiff's allegations against Defendant Bruder are equally deficient. It is alleged only that Bruder "knew or should have known the actions to take to curb the mutual racial bias and deliberate

indifference of the state and it's [sic] agents;" that Bruder "failed to file a motion for recusal;" and that Bruder "conspired with the prosecution and failed to take the steps necessary to expose the conspiracy and expose the state's deliberate indifference to Plaintiff's right to equal protection of law." (Id., p. 3-D, ¶s (14) and (15).) With regard to Defendant Gaertner, Plaintiff alleges only that "as the supervisor of her subordinates working under her direct care failed to act and/or correct in the full capacities of her duty – the misuse of powers through racial bias against Plaintiff Tate; where from the charging process up to the trial and conviction a conspiracy was set in motion that deprived Plaintiff of equal protection of law." (Id., p. 3-C, ¶ (11).) These brief, broad and unexplained allegations against Defendant Gaertner, like the allegations against Defendants Westby and Bruder, are simply not sufficient to state an actionable § 1983 claim.[2]

B. Claims Are Barred By Heck v. Humphrey

Even if Plaintiff had alleged some facts showing that his constitutional rights were violated during the course of his state criminal prosecution, his present civil rights action would be barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Court reaffirmed that a prisoner cannot challenge the fact or duration

[2] It also should be noted that Defendants Westby and Gaertner are undoubtedly immune from Plaintiff's attempt to sue them, because of the doctrine of prosecutorial immunity. Imbler v. Pachtman, 424 U.S. 409, 427-428 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution). See also Patterson v. Von Riesen, 999 F.2d 1235, 1237 (8th Cir. 1993); Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam), cert. denied, 506 U.S. 1053 (1993). In addition, Plaintiff's claims against Defendant Bruder appear to be fatally flawed, because there are no allegations suggesting that he is a state actor. See Polk County v. Dodson, 454 U.S. 312 (1981) (defense attorneys, including public defenders, normally cannot be sued under § 1983, because they are not acting under color of state law when they are providing legal representation for criminal defendants).

of his incarceration in a civil rights action. Habeas corpus is the exclusive federal remedy for a prisoner who believes that he is being wrongfully imprisoned. Id. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Even when a prisoner-plaintiff is not directly challenging the fact or duration of his incarceration, and even when he is seeking only monetary damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483.

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted; emphasis added); see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

In this case, a judgment in Plaintiff's favor on his current civil rights claims certainly would cast doubt on the validity of his state criminal conviction. Plaintiff obviously believes that Defendants somehow violated his constitutional rights during the course of his state criminal prosecution, and that his conviction and resulting imprisonment are therefore invalid. According to Heck, however, civil rights claims based on constitutional

improprieties that allegedly occurred during a prisoner's state criminal case cannot properly be brought into federal court, unless the prisoner first establishes in a proper forum, (i.e., a state or federal post-conviction proceeding), that his conviction was, in fact, constitutionally invalid.

In short, even if Plaintiff has some viable constitutional claim, he could not bring it at this time. He cannot maintain a civil action seeking damages, (or any other relief), for unconstitutional acts that allegedly caused him to be wrongly convicted and/or sentenced, without first securing an order, (presumably in a state or federal habeas corpus proceeding), which specifically invalidates his conviction and sentence. Because that pre-condition has not yet been satisfied, Plaintiff's present civil rights action cannot be entertained.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff has failed to state a cause of action on which relief can be granted, and that this action must therefore be dismissed, in its entirety, pursuant to 28 U.S.C. § 1915A(b)(1). It follows that Plaintiff's application for leave to proceed IFP must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $150 filing fee.[3] He has paid only $57.10, so he still owes

---

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that

$92.90. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**IV. RECOMMENDATION**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $92.90, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: May 2, 2002

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the

---

the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.