**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Louis Tate,

Plaintiff,

v.

Commissioner Sheryl Ramstad-Hvass,
Susan Gaertner, Heidi Westby,
Glenn Bruder and Warden Bert Mohs,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 02-804 ADM/SRN

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff Louis Tate's ("Plaintiff") Objections [Doc. No. 7] to the Report and Recommendation ("R&R") of Magistrate Judge Susan Richard Nelson [Doc. No. 6]. The R&R recommends that Plaintiff's Complaint [Doc. No. 1] be dismissed for failure to state a claim upon which relief can be granted. For the reasons set forth below, the R&R is accepted. The factual background for this matter is adequately set forth in the R&R and is incorporated by reference for the purposes of Plaintiff's present Objections.

## II. DISCUSSION

A district court must make an independent, *de novo*, evaluation of those portions of a



FILED JUN 12 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

R&R to which objection is made and may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.1(c)(2).

Plaintiff objects to the R&R's recommended dismissal of his Complaint for failure to state a claim upon which relief can be granted. Plaintiff asserts that his Complaint is not conclusory in its allegations, and argues that his *pro se* Complaint should be viewed more liberally. Plaintiff also contends that his 42 U.S.C. § 1983 claim does not violate the standard articulated in Heck v. Humphrey, 512 U.S. 477 (1994), because he is not challenging the duration of his incarceration nor the lawfulness of his conviction.

Plaintiff's Complaint does not contain the specific factual allegations sufficient to demonstrate a cause of action under 42 U.S.C. § 1983. To establish this claim, Plaintiff must allege a violation of a constitutional right and demonstrate that the alleged deprivation occurred by a person acting under state authority. See West v. Atkins, 487 U.S. 42, 48 (1988). His Complaint must contain facts that, if proven true, state a claim as a matter of law. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

Federal courts treat *pro se* complaints liberally; however, specific facts still must be alleged. See Kaylor v. Fields, 661 F.2d 1177, 1182-3 (8th Cir. 1981). Plaintiff's Complaint does not set forth adequate grounds for a cause of action; it is conclusory and vague. He contends that there was a conspiracy perpetrated by Defendants Susan Gaertner, Heidi Westby and Glenn Bruder, the prosecutors and defense counsel in his underlying case, which resulted in the violation of his civil rights. However, the Complaint does not include specific facts about the alleged conspiracy, nor does it articulate how the Defendants violated his rights. Plaintiff alleges

racial bias, tainted testimony, and denial of equal protection of the laws, yet fails to provide any supporting facts for these broad assertions.

Defendants Westby and Gaertner are not subject to 28 U.S.C. § 1983 under the doctrine of prosecutorial immunity. While several post-trial procedures to challenge a sentence exist, allowing defendants to sue prosecutors may have adverse public policy implications. Imbler v. Pachtman, 424 U.S. 409, 427 (1976). "The ultimate fairness of the operation of the system itself could be weakened by subjecting prosecutors to § 1983 liability." Id. at 427. In regard to Defendant Bruder, the Complaint does not allege that he is a state actor. Even if he were, Defendant Bruder would also be immune from suit, because defense attorneys cannot be sued under 28 U.S.C. § 1983 when "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).

No cause of action is articulated for Defendants Sheryl Ramstad-Hvass and Bert Mohs. In his Objections, Plaintiff concedes that Defendants Ramstad-Hvass and Mohs "did not violate Plaintiff's civil rights. They, however, have Plaintiff confined in the custudy [sic] and were included [in the Complaint] solely for that reason." Objections at 2 (emphasis in the original). Plaintiff's custodial status does not establish an actionable claim against the Defendants.

Plaintiff's civil rights claim is also barred by the Supreme Court's decision in Heck, 512 U.S. at 477, which holds that habeas corpus, 28 U.S.C. § 2254, is the exclusive remedy for a prisoner challenging the fact or duration of his imprisonment. Id. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). A civil action is inappropriate, as it permits a collateral attack on the conviction. Heck, 512 U.S. at 486. Plaintiff does not contest his incarceration. Objections at 3. However, it is the duty of the district court to determine the

consequences of the §1983 action. Heck, 512 U.S. at 486-7. If the court finds that a judgment favorable to the plaintiff would imply the invalidity of the sentence, the complaint must be dismissed, "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

Plaintiff seeks monetary damages for alleged civil rights violations that would potentially render his sentence invalid. Plaintiff's conclusory allegations, if proven true, challenge his conviction. Plaintiff may not pursue a §1983 claim that would effectively challenge his imprisonment "unless and until the conviction or sentence is reversed, expunged, invalidated or impugned by the grant of habeas corpus." Id. at 489. Heck bars a cause of action without this initial showing.

## III. ORDER

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Doc. No. 7] are **DENIED,**
2. The R&R [Doc. No. 6] is **ADOPTED**, and Plaintiff is required to pay the unpaid balance of the filing fee, namely $92.90, in accordance with 28 U.S.C. 1915(b)(2), and
3. Plaintiff's Complaint [Doc. No. 1] is **DISMISSED** pursuant to 28 U.S.C. S1915A(b)(1).

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: June 13, 2002